IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT GORDON PHILLIPS,
                    Plaintiff,

            v.                          CASE NO.  07-3169-SAC

KANSAS DEPARTMENT
OF CORRECTIONS, et al.,

            Defendants.

O R D E R

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas (ECF).  Plaintiff has paid the initial partial filing fee assessed by the court, and his Motion for Leave to Proceed in forma pauperis shall be granted[1].

Named as defendants are Kansas Department of Corrections (KDOC); Roger Werholtz, Kansas Secretary of Corrections (SOC); Sam Cline, Warden ECF; Berge Cox, Captain at ECF.  These defendants are

---

[1]

Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the remainder of the full district court filing fee, which is currently $350.00 in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

1

sued in their individual and official capacities.  Also named as defendants, but sued in their individual capacities only are Correction Care Solutions (CCS), a Kansas corporation under contract with KDOC to provide medical care to inmates at ECF; Dennis Kepka, employed by CCS as physician on call at ECF; Kandi Walter and Rachel Eno, employed by CCS as nurses at ECF; Barton G. Bycroft, an oral surgeon "retained by CCS."

As the factual background for his complaint, Mr. Phillips alleges the following.  On Friday, January 12, 2007, at approximately 7:00 p.m. while playing basketball in the ECF gym, he sustained multiple fractures to his jaw.  He was escorted to the medical clinic and seen by defendant nurses Eno and Walter, with defendant Captain Cox present.  It was apparent to all present that his jaw was broken.  Defendant Dr. Kepka was contacted by telephone and "told the extent of my injuries."  The doctor prescribed Ibupropin for pain, plaintiff was kept in the infirmary, given gauze for bleeding, and placed on a liquid diet.  Plaintiff alleges he reported severe pain and massive bleeding in his mouth from a bone puncture; and claims this treatment was grossly inadequate. Around 8:30 the next morning, Dr. Kepka was called again, and then ordered that Mr. Phillips be transported to Ellsworth Medical Center for x-rays, which showed "multiple fractures of both sides of jaws."  He was seen by Dr. Kepka at 11:45 that morning, who ordered that he be seen by a specialist.  He was again kept in the

infirmary and given Ibuprofen and gauge for bleeding.  Ninety hours after his injury, on Tuesday, January 16, 2007, plaintiff was transported to Salina and seen by defendant Dr. Bycroft, an oral surgeon.   The ninety-hour time period included a weekend and a Monday holiday.   Dr. Bycroft cut open and wired plaintiff's jaw together, but plaintiff alleges it had to be redone two weeks later and was never correctly aligned or stabilized.   Plaintiff also alleges the dentist advised him that he needs to have some bone cut away for dentures to fit, but Dr. Bycroft disagrees.   Plaintiff states Dr. Bycroft advised him his jaw was fractured in three places on the right side and one on the left, and the "only way this could have been fixed properly would have been to have jaw pinned back together, and have steel plate fitted on right side to form jaw line, and reduce disfigurement." Plaintiff complains that this was not done.   He alleges that, as a result of defendants' actions and inactions, his lower jaw is now offset to one side, slants at an extreme angle, and has a "bottom overbite."   He further alleges he has suffered prolonged and extreme pain; nerve damage plus severe, permanent facial disfigurement; speech impediment; psychological trauma; and will have to undergo surgeries to be fitted properly with dentures, to repair incorrect position of lower jaw and facial disfigurement.

Plaintiff asserts defendants violated his rights under the Eighth Amendment to adequate medical care.   He claims all

3

defendants acted with deliberate indifference to his serious medical needs, and engaged in a "policy and custom" of inadequately responding to inmates' injuries. He refers to a CCS policy of requiring all employees to obtain authorization from defendant Dr. Kepka before transport or emergency treatment of inmates. He further claims defendants violated the Eighth Amendment by intentionally and unreasonably delaying treatment. Plaintiff claims defendants Kepka, Eno, Walter, and Cox were deliberately indifferent because they refused to provide immediate medical treatment, when he should have been immediately transported to a hospital emergency room. He asserts Dr. Bycroft violated his Eight Amendment rights by not providing appropriate medical treatment for his injuries.

Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages and costs.

The court finds that proper processing of plaintiff's claims[2] cannot be achieved without additional information from appropriate

---

[2]

Plaintiff is cautioned that his allegations may eventually be determined by the court to support, at most, a claim for medical malpractice and not a federal constitutional violation. In that event, his remedy would be in state, not federal, court. He should diligently pursue any remedies in state court in order to avoid the statute of limitations. "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires that the inmate suffer "substantial harm" as a result of the delay. Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001). At this juncture, the court cannot find that plaintiff can prove no set of facts to state a claim of federal constitutional violation. Nevertheless, plaintiff will need to prove more than medical malpractice and more than an inadvertent delay of treatment in order to obtain any relief under the Eighth Amendment.

officials of the Ellsworth Correctional Facility. <u>See</u> <u>Martinez v.</u> <u>Aaron</u>, 570 F.2d 317 (10th Cir. 1978); <u>see</u> <u>also</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and he is to continue to submit payments toward the filing fee as directed herein.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Ellsworth Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint

5

and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein.  This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to

the clerk of the court for random reassignment pursuant D. Kan.

Rule 40.1.

**IT IS SO ORDERED.**

Dated this 24th day of August, 2007, at Topeka, Kansas.




<u>s/Sam A. Crow</u>
U. S. Senior District Judge