IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT GORDON PHILLIPS,** )
)
        **Plaintiff,** )
)
**v.** )
)   No. 07-3169-CM
)
**KANSAS DEPARTMENT OF** )
**CORRECTIONS, et al.,** )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

Plaintiff Robert Gordon Phillips filed this *pro se* action against defendants Kansas Department of Corrections, Roger Werholtz, Sam Cline, Berge Cox, Correct Care Solutions, Dennis Kepka, Kandi Walter, Rachel Eno, and Barton G. Bycroft. Plaintiff claims that defendants violated his Eighth Amendment rights by providing inadequate medical care for a broken jaw.

Plaintiff filed his complaint on June 21, 2007. Currently pending are three motions: (1) a Motion to Dismiss by defendants Sam Cline, Berge Cox, Kansas Department of Corrections, and Roger Werholtz (Doc. 46); (2) a Motion for Summary Judgment by defendants Correct Care Solutions, Rachel Eno, and Kandi Walter (Doc. 49); and (3) a Motion to Dismiss, or in the Alternative Motion for Summary Judgment by defendant Dennis Kepka (Doc. 51). While plaintiff filed a response (Doc. 55) to the first motion to dismiss on February 14, 2008, plaintiff has not filed any response to the other pending motions.

Because plaintiff did not respond to the other motions, the court issued its first show cause order on May 16, 2008, directing plaintiff to file a response to defendants' motions on or before June

9, 2008. On June 13, 2008, the court sent the show cause order again—this time by certified mail—and extended the deadline until July 3, 2008. On June 25, 2008, the court received the receipt from the certified mail, indicating that "D. Dutschmann" signed for the show cause order on June 18, 2008. On July 1, 2008, plaintiff filed a response stating, "Plaintiff has no knowledge of law, or what has to be done for filing [summary] judgment proceeding. Without representation plaintiff has no way to proceed. Plaintiff has contacted [numerous] attorneys unwilling to aid" (Doc. 66).

Finding plaintiff's filing to be nonresponsive and inadequate, the court issued a second show cause order on July 11, 2008 (Doc. 67). The court explained:

> Plaintiff's statement that he is without adequate information or representation is not a valid explanation for his earlier failures to respond. *See Almond v. Unified Sch. Dist. #501*, No. 07-4064-JAR, 2008 WL 1773863, at *4 (D. Kan. Apr. 16, 2008) (quoting *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) for the statement: "'Inadvertence, ignorance of the rules, or mistakes in construing the rules do not usually constitute 'excusable' neglect.'"). Plaintiff's *pro se* status does not relieve him of his obligation to follow the court's rules. *See Santistevan v. Colo. Sch. of Mines*, 150 F. App'x 927, 931 (10th Cir. 2005) (holding that a *pro se* litigant must follow the same rules of procedure as other litigants). Moreover, the court is not able to guide plaintiff through crafting his response to the pending motions for summary judgment. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[A]lthough we make some allowances for the [*pro se*] plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with pleading requirements[,] the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." (citations and quotations omitted)).
> Out of an abundance of caution, the court notes that plaintiff's filing could be construed as an attempt to file another motion to appoint counsel. To the extent that it can be considered such a motion, however, the court notes that plaintiff has not provided sufficient evidence to challenge Judge Crow's earlier finding that "[p]laintiff is not entitled to counsel in this civil rights action, and appears to be capable of presenting factual allegations concerning his claims." (Doc. 6, at 2). Plaintiff only indicates that he "has no knowledge of law or what has to be done for filing"; he does not indicate an inability to present or understand the relevant facts.

This show cause order again directed plaintiff to respond to the other pending motions by July 30, 2008. Additionally, the order directed plaintiff to show cause in writing why the court should not

-2-

dismiss plaintiff's case for failure to prosecute under D. Kan. R. 41.1, warning plaintiff that "[f]ailure to adequately respond to this Order will likely result in dismissal of this action without further notice." As before, the court received the receipt from the certified mail, indicating that "D. Dutschmann" signed for the show cause order. Plaintiff, however, has not filed any response to the second show cause order.

Under Fed. R. Civ. P. 41(b) and D. Kan. R. 41.1, the court may dismiss an action if the plaintiff fails to comply with a court order, the Federal Rules of Civil Procedure, or fails to prosecute his case. A Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning plaintiff cannot re-file his claims. Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for lack of prosecution, the court considers "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." *Reed v. Bennett*, 312 F.3d 1190, 1196 (10th Cir. 2002) (citations omitted).

Despite multiple opportunities, plaintiff refuses to participate in this litigation. Defendants will be prejudiced by any further delay. Because the court is forced to continue to issue show cause orders and to delay resolution of this case, plaintiff's willful refusal to participate in this litigation is interfering with the judicial process. Plaintiff has failed to respond to defendants' filings and court orders.

**IT IS THEREFORE ORDERED** that this case is dismissed with prejudice for plaintiff's failure to prosecute.

**IT IS FURTHER ORDERED** that Motion to Dismiss by defendants Sam Cline, Berge Cox, Kansas Department of Corrections, and Roger Werholtz (Doc. 46); Motion for Summary Judgment by defendants Correct Care Solutions, Rachel Eno, and Kandi Walkter (Doc. 49); and Motion to Dismiss, or in the Alternative Motion for Summary Judgment by defendant Dennis Kepka (Doc. 51)

-4-

are denied as moot.

Dated this 4th day of August 2008, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**